## JAMES GLEAVY *vs.* COURT LOVE AND TRUTH.

### PROVIDENCE—JUNE 5, 1901.

PRESENT : Stiness, C. J., Tillinghast and Blodgett, JJ.

(1) *Beneficial Associations. By-laws.*

A by-law of a beneficial association forbidding a sick member to go out of the house after certain hours, the intent of the by-law being to guard against fraud in feigning sickness, has no application where, on the occasions of the alleged violation, the member attended meetings of the defendant lodge.

(2) *Beneficial Associations.*

Where a by-law of a beneficial association provides that sick-pay shall not commence until the secretary has received a certificate signed by the physician of the association stating the member's illness, after the physician is notified of the member's illness, the matter of putting him on the sick-list is the act of the society and not of the member.

ASSUMPSIT. The by-laws referred to by the court are as follows :

### "ARTICLE XI.

"SECTION 1. No sick pay shall commence until the Secretary has received a certificate signed by the Physician of

this Court, stating the member's illness. No other physician's certificate shall be accepted by this Court. It shall not be compulsory upon a member to have the Court Physician, but the Court Physician must visit the member at least once or twice a week and give the sick certificates. Providing, however, if the brother resides outside the radius of this Court, he shall, however, produce a medical certificate and indorsed by the Court's Physician.

### "SICK MEMBERS GOING OUT, ETC.

"SEC. 2. No sick member shall go out before 6 A. M., or stay out after 8 P. M. from April to September, or before 8 A. M. or after 6 P. M. from October to March inclusive, during his sickness, and upon going out he shall leave word where he is going and what time he is coming back, so that the Woodwards may see him; and any member changing for the benefit of his health, and sending a certificate to that effect, signed by the Physician, to the Secretary, may do so by sending a certificate weekly as a country member. Any member detected imposing on the funds of this Court shall be suspended.

"SEC. 3. A brother suffering from an injury and desiring to attend the Court meetings, shall procure a certificate from the Court Physician and present it to the Court, and if endorsed by two-thirds of the members present, he shall be granted that privilege."

Heard on petition of defendant for a new trial, and new trial denied.

PER CURIAM. The defendant claims that the plaintiff did not comply with the by-laws of the order before commencing action. This issue was left to the jury and found for the plaintiff upon testimony tending to show that he made his claim and demanded a hearing before the arbitration committee, which was refused by the defendant's officers. The testimony was sufficient to warrant the finding.

(1) The violation of the by-laws in going out of the house

without consent from the court physician is answered by the fact that the latter was not attending the plaintiff, and the doctor who did attend him gave consent.   The by-law is evidently intended to guard against fraud in feigning sickness and confinement.   Its purpose would have no application in this case, since, on the two occasions when it is claimed that the plaintiff left his house in the evening, he attended meetings of the defendant lodge.   The matter is too trivial to affect the question of liability, and, hence, is not a ground for a new trial.

The ground of newly-discovered evidence relates to this last matter, and if shown, as claimed, could add nothing to it by way of substantial defence.

(2)　　It appears that the court physician was notified of the plaintiff's sickness, and the matter of putting him on the sick-list would be an act of the society and not of the plaintiff.

The petition for a new trial is denied.   Case remitted.

*Hugh J. Carroll*, for plaintiff.

*James F. Murphy*, for defendant.